IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT LYNN PINHOLSTER and LUIS MACIEL, <br><br> Plaintiffs, <br><br> v. <br><br> J. S. WOODFORD, et al., <br><br> Defendants. | No. C 03-3761 SBA (PR) <br><br> **ORDER DENYING REQUEST TO RECONSIDER AND TERMINATING PENDING MOTION** <br><br> (Docket nos. 29, 30) |

Plaintiffs Scott Lynn Pinholster and Luis Maciel, condemned state prisoners incarcerated at San Quentin State Prison (hereinafter "SQSP"), filed the instant pro se civil rights action under 42 U.S.C. § 1983. Plaintiffs claim that their due process rights were violated by members of the Institutional Review Committee when they were placed indefinitely on Grade B status as SQSP death row inmates subject to the Thompson Consent Decree[1] (hereinafter "Consent Decree") and denied privileges without "meaningful review." Plaintiffs contend they remain in administrative segregation on an indefinite basis. Plaintiffs seek damages as well as injunctive and declaratory relief.

On March 31, 2004, the Court reviewed the complaint and found that, liberally construed, Plaintiffs' allegations were sufficient to state a due process claim. The Court ordered Defendants to file dispositive motions in this case. On June 1, 2004, Defendants moved to dismiss the complaint for failure to state a claim. On June 18, 2004, Plaintiffs filed an opposition to the motion.

In an Order dated March 31, 2005, the Court found that while Plaintiffs asserted facts

---

[1] A Consent Decree was entered into on October 23, 1980, which requires SQSP prison officials to take a number of corrective actions in the housing, treatment and privileges afforded condemned inmates. See Thompson v. Enomoto, Case No. 79-1630 SAW (PR) (N.D. Cal. Oct. 23, 1980).

sufficient to state a claim with regard to their conditions of confinement, they failed to allege those facts supporting a due process violation.  Therefore, the Court dismissed the complaint with leave to amend in order for Plaintiffs "to state a claim for a due process violation based on the a [sic] change in conditions between Grade A and Grade B status that they contend constitute an atypical and significant hardship."  (Mar. 31, 2005 Order at 3.)

On May 3, 2005, Plaintiffs filed their amended complaint.  Plaintiffs filed a second amended complaint on May 15, 2006.

Upon reviewing Plaintiffs' second amended complaint, the Court determined that Plaintiffs were challenging the constitutionality of the Consent Decree that is at issue in a pending class action suit, <u>Thompson v. Enomoto</u>, Case No. 79-1630 WHA (PR).[2]  In an Order dated February 8, 2007, the Court dismissed the instant action upon finding that, even if Plaintiffs' claim alleged a due process violation based on the Consent Decree, such allegations must be addressed in the class action suit.[3]

Plaintiffs have now filed a motion to reconsider under Rule 60(b) of the Federal Rules of Civil Procedure (docket no. 29).  Rule 60(b) provides for reconsideration where one or more of the following is shown:  (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the Court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); <u>School Dist. 1J v. ACandS Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993).  "Rule 60(b) [] provides a mechanism for parties to seek relief from a judgment when 'it is no longer equitable that the judgment should have prospective application,' or when there

---

[2] The plaintiffs in <u>Thompson</u> brought suit on July 6, 1979, alleging that the conditions of confinement of condemned inmates at SQSP constituted cruel and unusual punishment and a denial of due process, in violation of the state and federal constitutions.  This twenty-eight-year-old case is still pending at this time before the Honorable William H. Alsup, and it is now known as <u>Lancaster et al. v. Tilton, et al.</u>, Case No. 79-1630 WHA (PR).

[3] On March 7, 2007, Plaintiffs filed a document in the <u>Thompson/Lancaster</u> case entitled "Pro Se Classmember's [sic] Motion for F.R.C.P. Rules 23(d) and 24(a) Application to Now Intervene; Conflict of Interest; Notice of Court Ruling and Prior Complaint for Hearing in this Case and Court."

2

is any other reason justifying relief from the judgment." Jeff D. v. Kempthorne, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).  Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary.  Mere dissatisfaction with the Court's order, or belief that the Court is wrong in its decision, are not grounds for relief under subparagraph (6) or any other provision of Rule 60(b).  "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting United States v. Desert Gold Mining Co., 433 F.2d 713, 715 (9th Cir. 1970)).

The Court finds nothing in Plaintiffs' allegations in their motion to reconsider that merits reconsideration.  In their motion to reconsider, Plaintiffs seem to be challenging the Court's dismissal by alleging that "[t]he dismissal of this case was in error where this case was filed in 2003, three years before the federal court granted class certification to the case the Court relied on to dismiss this case."  (Mot. to Recons. at 2.)  The Court finds that Plaintiffs' argument is unavailing. Attached to Plaintiffs' motion is an Order dated October 4, 2006, granting class certification in the Thompson/Lancaster case, which states:

> For reasons lost in lore in this aged case, no class was ever certified, either before or at the time the consent decree was entered in 1980.  The district court and the Ninth Circuit, however, "treated" the case as a representative class action, according to plaintiffs' counsel, although the extent to which various earlier judges on this case were aware of the lapse is questionable. *See, e.g., Thompson I*, 542 F. Supp at 770 (applying decree to new prisoners since entry of consent decree); Order at 1 (Dec. 18, 1986 ); Order Denying Defs.' Mot. for Reconsideration & Alternative Mot. for Stay at 6 (Jan. 29, 1987); *Thompson III*, 915 F.2d at 1389-90 (holding that decree applied to all condemned prisoners housed at San Quentin).

(Oct. 4, 2006 Order in Case No. 79-1630 WHA (PR) at 9.)   The fact that class certification was granted in 2006 is not relevant because each of the members of the class are deemed a party to all of the pleadings filed since, and including, the initial complaint.  See generally, United States Parole Comm'n v. Geraghty, 445 U.S. 388, 404-05 n.11 (1980) (stating that class certification relates back to the commencement of the action).  The plaintiffs in Thompson/Lancaster filed their complaint in 1979, years before Plaintiffs in the instant case filed their action in 2003.  Because the class

3

1 certification in the Thompson/Lancaster case relates back to the commencement of the action,
2 Plaintiffs' argument that this Court erred in dismissing the instant action is without merit.
3 Plaintiffs' allegations present no grounds that warrant reconsideration; therefore, the Court
4 reaffirms its dismissal of their action.  Accordingly, Plaintiffs' request to reconsider is DENIED.

### **CONCLUSION**

For the reasons set out above, Plaintiffs' motion to reconsider (docket no. 29) is DENIED. The Clerk of the Court shall terminate all pending motions, including Plaintiffs' request for judicial notice (docket no. 30), and close the file.

This Order terminates Docket nos. 29 and 30.

IT IS SO ORDERED.

DATED: September 28, 2007

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.03\Pinholster3761.denyRECON.frm  4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

PINHOLSTER et al,

        Plaintiff,

v.

WOODFORD et al,

        Defendant.

Case Number: CV03-03761 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 10, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Luis Maciel
K97700
San Quentin State Prison
San Quentin, Ca 94974

Scott Pinholster
#C87601
San Quentin State Prison
San Quentin, CA 94974

Dated: October 10, 2007

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.03\Pinholster3761.denyRECON.frm

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT LYNN PINHOLSTER and LUIS MACIEL,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>J. S. WOODFORD, et al.,<br><br>　　　　Defendants. | No. C 03-3761 SBA (PR)<br><br>**ORDER DENYING REQUEST TO RECONSIDER AND TERMINATING PENDING MOTION**<br><br>(Docket nos. 29, 30) |

  Plaintiffs Scott Lynn Pinholster and Luis Maciel, condemned state prisoners incarcerated at San Quentin State Prison (hereinafter "SQSP"), filed the instant pro se civil rights action under 42 U.S.C. § 1983.  Plaintiffs claim that their due process rights were violated by members of the Institutional Review Committee when they were placed indefinitely on Grade B status as SQSP death row inmates subject to the Thompson Consent Decree[1] (hereinafter "Consent Decree") and denied privileges without "meaningful review."  Plaintiffs contend they remain in administrative segregation on an indefinite basis.  Plaintiffs seek damages as well as injunctive and declaratory relief.

  On March 31, 2004, the Court reviewed the complaint and found that, liberally construed, Plaintiffs' allegations were sufficient to state a due process claim.  The Court ordered Defendants to file dispositive motions in this case.  On June 1, 2004, Defendants moved to dismiss the complaint for failure to state a claim.  On June 18, 2004, Plaintiffs filed an opposition to the motion.

  In an Order dated March 31, 2005, the Court found that while Plaintiffs asserted facts

---

[1] A Consent Decree was entered into on October 23, 1980, which requires SQSP prison officials to take a number of corrective actions in the housing, treatment and privileges afforded condemned inmates.  See Thompson v. Enomoto, Case No. 79-1630 SAW (PR) (N.D. Cal. Oct. 23, 1980).

sufficient to state a claim with regard to their conditions of confinement, they failed to allege those facts supporting a due process violation. Therefore, the Court dismissed the complaint with leave to amend in order for Plaintiffs "to state a claim for a due process violation based on the a [sic] change in conditions between Grade A and Grade B status that they contend constitute an atypical and significant hardship." (Mar. 31, 2005 Order at 3.)

On May 3, 2005, Plaintiffs filed their amended complaint. Plaintiffs filed a second amended complaint on May 15, 2006.

Upon reviewing Plaintiffs' second amended complaint, the Court determined that Plaintiffs were challenging the constitutionality of the Consent Decree that is at issue in a pending class action suit, Thompson v. Enomoto, Case No. 79-1630 WHA (PR).[2] In an Order dated February 8, 2007, the Court dismissed the instant action upon finding that, even if Plaintiffs' claim alleged a due process violation based on the Consent Decree, such allegations must be addressed in the class action suit.[3]

Plaintiffs have now filed a motion to reconsider under Rule 60(b) of the Federal Rules of Civil Procedure (docket no. 29). Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the Court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). "Rule 60(b) [] provides a mechanism for parties to seek relief from a judgment when 'it is no longer equitable that the judgment should have prospective application,' or when there

---

[2] The plaintiffs in Thompson brought suit on July 6, 1979, alleging that the conditions of confinement of condemned inmates at SQSP constituted cruel and unusual punishment and a denial of due process, in violation of the state and federal constitutions. This twenty-eight-year-old case is still pending at this time before the Honorable William H. Alsup, and it is now known as Lancaster et al. v. Tilton, et al., Case No. 79-1630 WHA (PR).

[3] On March 7, 2007, Plaintiffs filed a document in the Thompson/Lancaster case entitled "Pro Se Classmember's [sic] Motion for F.R.C.P. Rules 23(d) and 24(a) Application to Now Intervene; Conflict of Interest; Notice of Court Ruling and Prior Complaint for Hearing in this Case and Court."

is any other reason justifying relief from the judgment." Jeff D. v. Kempthorne, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).  Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary.  Mere dissatisfaction with the Court's order, or belief that the Court is wrong in its decision, are not grounds for relief under subparagraph (6) or any other provision of Rule 60(b).  "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting United States v. Desert Gold Mining Co., 433 F.2d 713, 715 (9th Cir. 1970)).

The Court finds nothing in Plaintiffs' allegations in their motion to reconsider that merits reconsideration.  In their motion to reconsider, Plaintiffs seem to be challenging the Court's dismissal by alleging that "[t]he dismissal of this case was in error where this case was filed in 2003, three years before the federal court granted class certification to the case the Court relied on to dismiss this case."  (Mot. to Recons. at 2.)  The Court finds that Plaintiffs' argument is unavailing. Attached to Plaintiffs' motion is an Order dated October 4, 2006, granting class certification in the Thompson/Lancaster case, which states:

> For reasons lost in lore in this aged case, no class was ever certified, either before or at the time the consent decree was entered in 1980.  The district court and the Ninth Circuit, however, "treated" the case as a representative class action, according to plaintiffs' counsel, although the extent to which various earlier judges on this case were aware of the lapse is questionable. *See, e.g., Thompson I*, 542 F. Supp at 770 (applying decree to new prisoners since entry of consent decree); Order at 1 (Dec. 18, 1986 ); Order Denying Defs.' Mot. for Reconsideration & Alternative Mot. for Stay at 6 (Jan. 29, 1987); *Thompson III*, 915 F.2d at 1389-90 (holding that decree applied to all condemned prisoners housed at San Quentin).

(Oct. 4, 2006 Order in Case No. 79-1630 WHA (PR) at 9.)   The fact that class certification was granted in 2006 is not relevant because each of the members of the class are deemed a party to all of the pleadings filed since, and including, the initial complaint.  See generally, United States Parole Comm'n v. Geraghty, 445 U.S. 388, 404-05 n.11 (1980) (stating that class certification relates back to the commencement of the action).  The plaintiffs in Thompson/Lancaster filed their complaint in 1979, years before Plaintiffs in the instant case filed their action in 2003.  Because the class

3

certification in the <u>Thompson/Lancaster</u> case relates back to the commencement of the action, Plaintiffs' argument that this Court erred in dismissing the instant action is without merit.

Plaintiffs' allegations present no grounds that warrant reconsideration; therefore, the Court reaffirms its dismissal of their action.  Accordingly, Plaintiffs' request to reconsider is DENIED.

## **CONCLUSION**

For the reasons set out above, Plaintiffs' motion to reconsider (docket no. 29) is DENIED. The Clerk of the Court shall terminate all pending motions, including Plaintiffs' request for judicial notice (docket no. 30), and close the file.

This Order terminates Docket nos. 29 and 30.

IT IS SO ORDERED.

DATED:  September 28, 2007                        _Saundra B Armstrong_
                                                   SAUNDRA BROWN ARMSTRONG
                                                   United States District Judge

P:\PRO-SE\SBA\CR.03\Pinholster3761.denyRECON.frm

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

PINHOLSTER et al,

        Plaintiff,

v.

WOODFORD et al,

        Defendant.

Case Number: CV03-03761 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 10, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Luis Maciel
K97700
San Quentin State Prison
San Quentin, Ca 94974

Scott Pinholster
#C87601
San Quentin State Prison
San Quentin, CA 94974

Dated: October 10, 2007

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.03\Pinholster3761.denyRECON.frm